94 F.3d 645
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Linda LUNDY, Defendant-Appellant.
 No. 96-3323.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1996.
 
 Before: GUY, RYAN and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Linda Lundy appeals her sentence following her guilty plea conviction for conspiracy to defraud the United States in violation of 18 U.S.C. § 286. The issue presented is whether the district court correctly granted a two-level increase under § 2F1.1(b)(2)(A) or (B) of the sentencing guidelines for an offense involving more than minimal planning or defrauding more than one victim. United States Sentencing Commission, Guidelines Manual, § 2F1.1(b)(2) (Nov. 1993). We AFFIRM.
 
 I.
 
 2
 On April 12, 1995, defendant was named in Count One of a seventeen-count indictment alleging that five persons conspired to submit fraudulent W-2 forms and income tax returns claiming refunds to which they were not entitled. The conspirators allegedly prepared fraudulent W-2 forms using fictitious taxpayers and employers. The W-2 forms claimed that certain wages were earned by the fictitious taxpayers, and that income taxes had been withheld by the fictitious employers.
 
 
 3
 The conspirators then took the W-2 forms to commercial tax return preparers for submission to the IRS. The tax preparers submitted tax returns to the IRS requesting refunds of excess taxes purportedly withheld. For certain returns, the conspirators obtained refund anticipation loans ("RALs") from the tax preparers. These loans were actually made by banks which contracted with the tax preparers to provide that service.
 
 
 4
 Pursuant to a coconspirator's tip, federal agents obtained a warrant and searched defendant's home on April 30, 1992. From the home, agents seized various documents used in the scheme including blank W-2 forms and birth certificates, identification documents and other forms and documents.
 
 
 5
 Defendant pleaded guilty to Count One of the indictment on November 6, 1995, and entered a Rule 11 plea agreement. The presentence investigation recommended that defendant's offense level be increased by two levels pursuant to § 2F1.1(b)(2) of the sentencing guidelines because the scheme involved more than minimal planning, and harmed multiple victims: the IRS, and the two banks which made RALs.
 
 
 6
 On March 4, 1996, the district court held a sentencing hearing at which defendant was sentenced to five months imprisonment, five months home confinement, and two years supervised release. She was also ordered to pay restitution to the IRS and one of the RAL lenders. At the sentencing hearing, defendant challenged the application of § 2F1.1(b)(2)(B) on grounds that the IRS had been the only victim of the scheme and that RAL lenders had merely been "conduits" for the flow of funds, not victims for purposes of the sentencing guidelines. Defendant also challenged the alternative ground for the increase under § 2F1.1(b)(2)(A), more than minimal planning. The district court found that the increase was appropriate under either § 2F1.1(b)(2)(A) or (B) and calculated defendant's sentence accordingly. This appeal followed.
 
 II.
 
 7
 We review the district court's interpretation of the sentencing guidelines de novo, and its factual findings for clear error. United States v. Ivery, 999 F.2d 1043, 1045 (6th Cir.1993). The lower court's factual findings need not be based on proof beyond a reasonable doubt, but need only be supported by a preponderance of the evidence. Id.
 
 
 8
 We note initially that the increase mandated by § 2F1.1(b)(2) may be justified by either of two grounds: more than minimal planning ("part (A)") or multiple victims ("part (B)").[1] § 2F1.1(b)(2)(A) and (B). The district court found that both grounds were satisfied.
 
 
 9
 More than minimal planning is determined on the basis of the overall offense, not on the role of an individual offender. Ivery, 999 F.2d at 1046; United States v. Wilson, 955 F.2d 547, 551 (8th Cir.1992). In the case before us, defendant pleaded guilty to a conspiracy involving repeated acts over a period of three years to defraud the government and certain lenders. The conspirators procured blank forms, invented phony taxpayers and employers, produced fraudulent documents, repeatedly submitted fraudulent claims to the IRS and accepted loans from RAL lenders based on the fraudulent claims. On these facts, we conclude that the district court's finding that the offense involved more than minimal planning was not clearly erroneous, and therefore the two-level increase was not error. See United States v. Ellerbee, 73 F.3d 105, 107-08 (6th Cir.1996) (holding that scheme involving repeated submission of fraudulent record club applications warranted enhancement for "more than minimal planning"). Because we conclude that § 2F1.1(b)(2)(A) is satisfied, we need not reach the question of whether the scheme defrauded more than one victim pursuant to § 2F1.1(b)(2)(B) as either (A) or (B) may justify the increase.
 
 III.
 
 10
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Section 2F1.1(b)(2) provides:
 If the offense involved (A) more than minimal planning, or (B) a scheme to defraud more than one victim, increase by 2 levels.
 United States Sentencing Commission, Guidelines Manual, § 2F1.1(b)(2) (Nov. 1993).